## Burega v. Centre Community Hospital Inc.

*Richard A. Wilson,* for plaintiff.
*Charles A. Fitzpatrick III,* for defendants.

BROWN JR., *P.J.,* August 24, 2005—Before the court are defendants', Centre Community Hospital Inc. and J.R. Paine M.D., motions in limine to preclude testimony of Mary Harter (Auman) R.N. Both defendants filed separate motions in limine, but the claims and underlying bases are identical. Therefore, the court will address both motions jointly. After oral argument, the court determines the following:

## BACKGROUND

On or about April 11, 2002, a complaint was filed alleging negligence against the defendants in failing to properly treat minor-plaintiff's condition, with an amended complaint being filed on or about January 7, 2003. The amended complaint alleged Dr. Paine was negligent with regard to the care and treatment he provided to plaintiff minor during an emergency room visit on September 7, 1997, in failing to diagnose Group B strep meningitis and sepsis. The pleadings are closed and discovery is complete.

During the course of discovery, a deposition was taken of Mary Harter R.N. (previously Auman R.N.) on December 22, 2004. Nurse Harter is the emergency room nurse who assessed plaintiff minor during the September 7, 1997 emergency room visit. At the deposition, nurse Harter was questioned regarding her opinions of plaintiff minor's condition while in the emergency room. On or about June 1, 2005, both defendants filed motions in limine to preclude nurse Harter's testimony.

Both defendants and plaintiff have submitted briefs for the court's consideration.

## DISCUSSION

Citing Pennsylvania Nursing Law, 63 P.S. §212(1), defendants argue nurse Harter is not permitted to make medical diagnoses or to prescribe medical therapeutic or corrective measures. Plaintiff argues nurse Harter will not offer expert medical testimony but will instead be a fact witness, testifying to her notations in plaintiff minor's chart and to her observations, based on her 19 years of experience as a certified emergency room nurse. Plaintiff will present expert medical testimony from witnesses who will rely, in part, on nurse Harter's testimony.

Plaintiff has stated nurse Harter's testimony will likely contradict that of Dr. Paine. However, the contradiction of a fact witness is not prejudicial enough to his case to warrant preclusion. Conversely, precluding nurse Harter's testimony would be prejudicial to plaintiff's case as nurse Harter is a fact witness whose testimony will be relied upon by plaintiff's expert witnesses. The veracity of nurse Harter's testimony, and who to believe in disputes of fact between her testimony and those facts presented by defendants, will be an issue for the finder of fact.

Nurse Harter's testimony may be presented by plaintiff. However, such testimony must be restricted to that which she is qualified to testify, including but not limited to descriptions of what she observed, what she did, and notations she made in plaintiff minor's chart. The court will not rule on the admissibility or the preclusion of any testimony regarding conversations she had at the time, with Dr. Paine and others, unless and until plaintiff provides a specific offer of proof at or near the time of trial. Nurse Harter may not offer opinions as to either the medical diagnosis of plaintiff minor's condition or to the

medical causes of that condition. As this is to what plaintiff has stated nurse Harter will testify, such a restriction should not be unduly burdensome. To further avoid confusion, the jury will be informed at time of trial, and prior to deliberations, that testimony of a nurse is not expert medical testimony.

Accordingly, the following is entered:

## ORDER

And now, August 24, 2005, upon consideration of defendants', Centre Community Hospital Inc. and J.R. Paine M.D., motions in limine to preclude testimony of Mary Harter (Auman) R.N., and after oral argument, the court determines the following:

Defendants' motions in limine are denied. Plaintiff may present nurse Harter's testimony at trial as a factual witness. Nurse Harter's testimony may not be offered as a medical expert. The court will not rule on the admissibility or the preclusion of any testimony regarding conversations she had at the time, with Dr. Paine and others, unless and until plaintiff provides a specific offer of proof at or near the time of trial.